UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MATTHEW S. PINKHAM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:18-cv-01096-SEB-TAB |
| | ) |
| COCA-COLA REFRESHMENTS USA, INC., | ) |
| CCBCC, INC., | ) |
| CCBCC OPERATIONS, LLC, | ) |
| | ) |
| Defendants. | ) |

**ORDER ON DISCOVERY DISPUTE**

## I. Introduction

At issue is whether Plaintiff Matthew Pinkham waived the work product privilege regarding videos of witness interviews when he showed portions of the videos at a settlement mediation. Without a doubt, Pinkham waived any privilege regarding the specific clips shown and must produce them. The more interesting issue is whether the waiver extends to the full videos of the witness interviews. The Court held a telephonic status conference regarding this and other disputes on June 28, 2018. The Court resolved the other disputes, but took this issue under advisement and permitted the parties to submit letter briefs. Having heard the arguments and read the parties' submissions, the Court finds that the waiver does not extend to the full videos of the witness interviews.

## II. Discussion

Pinkham brought personal injury claims in state court against Defendants Coca-Cola Refreshments USA, Inc., CCBCC, Inc., and CCBCC Operations, LLC, (collectively "Coca-Cola") and against James Imhausen, a Coca-Cola employee and Indiana citizen. Pinkham's

claims arise from a vehicle collision between Pinkham and Imhausen that occurred roughly three years ago. Pinkham settled his claim against Imhausen, and Coca-Cola later removed the action to this Court based on diversity jurisdiction. However, prior to removal, the parties held a settlement mediation, during which the parties presented opening statements in a joint session. During his opening statement, Pinkham's counsel showed clips of videos of four witness statements. Coca-Cola now wants Pinkham to produce the full videos of the witnesses' statements.

The parties agree that the witness statement videos are work product, but dispute whether work product protection has been waived. Plaintiff argues that he did not waive the protection when he showed portions of the videos because the mediation was governed by the Indiana Alternative Dispute Resolution Rules, which the parties agreed to and are part of Indiana's civil procedure rules. Coca-Cola responds that the ADR rules do not prohibit discovery of the witness statements. Coca-Cola seeks to extend the alleged waiver to the full videos under Federal Rule of Evidence 502(a). Pinkham responds that Coca-Cola benefited from his limited disclosure because Coca-Cola had not investigated for itself and that Indiana's explicit policy encouraging settlement weighs against disclosure.

Indiana's ADR Rule 2.11 provides protections for mediations, but its text does not create a discovery privilege for facts discussed at the mediation. Rule 2.11 states:

> **(A) Confidentiality.**
>> (1) Mediation sessions shall be confidential and closed to all persons other than the parties of record, their legal representatives, and persons invited or permitted by the mediator.
>> (2) The confidentiality of mediation may not be waived.
>> (3) A mediator shall not be subject to process requiring the disclosure of any matter occurring during the mediation except in a separate matter as required by law.

> (4) This Rule shall not prohibit the disclosure of information authorized or required by law.
>
> **(B) Admissibility.**
>
> > (1) Mediation shall be regarded as settlement negotiations governed by Indiana Evidence Rule 408.
> >
> > (2) Evidence discoverable outside of mediation shall not be excluded merely because it was discussed or presented in the course of mediation.

IN ST ADR Rule 2.11. "The rationale for that general rule is that the law favors out of court compromises and that a party who yields certain points in an effort to effectuate such a compromise should not be prejudiced if those efforts fail." *Bridges v. Metromedia Steakhouse Co., L.P.*, 807 N.E.2d 162, 166 (Ind. App. 2004).

Rule 2.11(A) arguably creates a discovery privilege with regard to the mediator, and Indiana courts interpret this ban broadly. *See In re March, 1994 Spec. Grand Jury*, 897 F. Supp. 1170, 1172 (S.D. Ind. 1995) (applying a previous version of the rule and calling it a "mediators' privilege"); *K.L. v. E.H.*, 6 N.E.3d 1021, 1031 (Ind. App. 2014) (refusing to allow mediator testimony regarding behavior at mediation in a child custody dispute). However, Pinkham cites no authority for a privilege that would exclude from discovery information discussed at a settlement mediation. Rather, "the rule does not require the exclusion of any evidence otherwise discoverable merely because it is presented in the course of compromise negotiations." *R.R. Donnelley & Sons Co. v. N. Tex. Steel Co., Inc.*, 752 N.E.2d 112, 130 (Ind. App. 2001). A broad discovery privilege that prohibits parties from seeking discovery based on anything they learn in a mediation would be impossible to police and contrary to established practice.

Pinkham's arguments that the confidentiality of the mediation cannot be waived and that Rule 2.11(B) invokes Rule 408 of the Indiana Rules of Evidence are unpersuasive. Confidentiality prohibits disclosure to third parties; it is not a privilege against discovery. And

Rule 408 concerns the admissibility of evidence at trial and has nothing to do with whether something is discoverable. Ind. R. Evid. 408.

Nonetheless, turning over the full videos of the witness statements would not be fair under Federal Rule of Evidence 502(a), which governs whether to extend a waiver to undisclosed work product material. The work product doctrine excludes from discovery "documents and tangible things that are prepared in anticipation of litigation or for trial." Fed. R. Civ. P. 26(b)(3)(A). "[T]he work-product doctrine is designed to serve dual purposes: (1) to protect an attorney's thought processes and mental impressions against disclosure; and (2) to limit the circumstances in which attorneys may piggyback on the fact-finding investigation of their more diligent counterparts." *Sandra T.E. v. S. Berwyn Sch. Dist. 100*, 600 F.3d 612, 621–22 (7th Cir. 2010); *Menasha Corp. v. U.S. Dept. of Justice*, 707 F.3d 846, 847 (7th Cir. 2013) ("The opposing party 'shouldn't be allowed to take a free ride on the other party's research, or get the inside dope on that party's strategy . . . .'") (quoting *Mattenson v. Baxter Healthcare Corp.*, 438 F.3d 763, 768 (7th Cir. 2006)). Still, parties can show they are entitled to opposing counsel's work product by demonstrating "substantial need" and an inability to obtain the information without "undue hardship." *Sandra T.E.*, 600 F.3d at 622 (quoting Fed. R. Civ. P. 26(b)(3)(A)(ii)).

When a party waives work product protections by disclosing protected material, parties may also be entitled to an opponent's undisclosed work product if extension of the waiver is warranted under Federal Rule of Evidence 502(a). However, a waiver extends to undisclosed material "only if: (1) the waiver was intentional; (2) the disclosed and undisclosed communications or information concern the same subject matter; and (3) they ought in fairness to be considered together." Fed. R. Evid. 502(a). "Determining whether the undisclosed

material ought to be considered with the disclosed material requires a case-specific analysis of the subject matter and adversaries." *Appleton Papers, Inc. v. E.P.A.*, 702 F.3d 1018, 1026 (7th Cir. 2012).

The first two prongs are met; Pinkham's counsel intentionally disclosed the video clips and the clips concern the same witness interviews as the full videos. Coca-Cola argues the third prong is also satisfied. Coca-Cola contends that Pinkham should not be permitted to use the work product doctrine as both a sword and a shield—i.e., to selectively disclose information that supports his claims while withholding information that provides context. In support, Coca-Cola cites a string of cases in which federal courts ordered full disclosure of work product when a party relied on or disclosed portions of protected materials, while withholding the full document: *Hale v. State Farm Mut. Auto. Ins. Co.*, 12-CV-660-DRH-SCW, 2015 WL 13713551, at *2 (S.D. Ill. Sept. 28, 2015); *City of Lakeland Emps. Pension Plan v. Baxter Intern. Inc.*, 10-C-6016, 2013 WL 2151509, at *2 (N.D. Ill. May 16, 2013); *Lerman v. Turner*, 10-C-2169, 2011 WL 494623, at *2 (N.D. Ill. Feb. 4, 2011); *In re Aftermarket Filters Antitrust Litig.*, 08-C-4883, 2010 WL 4791502, at *5 (N.D. Ill. Nov. 18, 2010); and *Granite Partners v. Bear, Stearns & Co., Inc.*, 184 F.R.D. 49, 55–56 (S.D.N.Y. 1999). The cases Coca-Cola cites stand for the proposition that, when a party relies on portions of a witness statement, it is fair to require production of the full statement, even though the statement is work product. *See id.*

While these cases weigh in favor of disclosure, the Court must also consider case-specific facts surrounding the work product at issue. *See Appleton Papers*, 702 F.3d at 1026. The facts surrounding the witness statements overwhelmingly weigh against production. The four witnesses whose video-recorded statements are at issue are known to both Pinkham and Coca-Cola. Coca-Cola has not interviewed them or requested their depositions. In short, Coca-Cola is

5

attempting the kind of piggybacking and free riding that the work product doctrine is designed to prevent.  *See*, *e.g.*, *Sandra T.E. v. S. Berwyn Sch. Dist. 100*, 600 F.3d 612, 621-22 (7th Cir. 2010); *Menasha Corp. v. U.S. Dept. of Justice*, 707 F.3d 846, 847 (7th Cir. 2013).  Rather than Pinkham using elusive, privileged information as a sword and shield, the facts show Pinkham used information generally available to both Pinkham and Coca-Cola, and Coca-Cola now wants to save itself the trouble of interviewing the witnesses itself.  Pinkham should not be penalized for sharing information that Coca-Cola has the independent ability to accurately contextualize.  This comports with public policy favoring settlement, and not prejudicing parties who make efforts to reach a compromise.  *Bridges v. Metromedia Steakhouse Co., L.P.*, 807 N.E.2d 162, 166 (Ind. App. 2004).

      Coca-Cola argues in a footnote that, regardless of waiver, it is entitled to the videos because it has a substantial need and cannot obtain equivalent witness interviews without undue hardship.  While such a showing could result in compelled disclosure of work product, s*ee Sandra T.E.*, 600 F.3d at 622, Coca-Cola's argument is unpersuasive.  Coca-Cola contends that the witnesses may have forgotten details in the three years since the collision; they might forget or omit evidence that favors its positions; and that Pinkham may have an advantage because he interviewed the witnesses at least nine months ago, so the witnesses may have had a better memory then.  However, Coca-Cola has not shown there are any barriers to interviewing or deposing the witnesses, and any memory loss is purely speculative because Coca-Cola has not attempted to interview the witnesses to see what they remember.

### III. Conclusion

For the reasons above, Pinkham must produce the video clips he showed at the state court mediation within 14 days. However, fairness does not demand Pinkham produce the full videos of the four witness statements.

Date: 8/13/2018

_____

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana


Distribution: All ECF-registered counsel of record by email.